### ROSENTHAL *v.* PAYNE *et al.*

(*Common Pleas of New York City and County, General Term.* December 3, 1888.)

JUDGMENT—OPENING DEFAULT—ATTENDANCE OF COUNSEL.

Where counsel for defendant were in attendance for two weeks prior to default, and were notified on Saturday that the case would be pressed on Monday, when the default occurred, the default will not be opened on the affidavits of counsel that they were detained in another court, where the affidavits do not show in what court or action they were detained, especially where no defense to the action is shown.

Appeal from trial term; VAN HOESEN, Judge.

Action by Harris Rosenthal for wrongful attachment, originally brought against Hugh J. Grant, sheriff, for whom was substituted, under Code Civil Proc. § 1421, the indemnitors, E. Miner Payne, George C. Chase, William M. Brown, Frederick P. Eppens, Leonard B. Smith, Frederick Wiemann, John F. Pupke, and Thomas Reid. Default was entered against the defendants on June 18, 1888. On July 5, 1888, a motion to set aside default and restore the cause to the calendar was denied, as was also a motion for reargument, on August 2, 1888. From these two orders denying the application to open the default, and from the judgment entered on the default, defendants appeal.

*J. Geo. Flammer,* for appellants. *Horwitz & Hershfield,* (*Wales F. Severance,* of counsel,) for respondent.

PER CURIAM. The defendants, being in default, were bound to present a reasonable excuse for suffering it to be taken, and also to show that they had a good defense upon the merits in the action. We have carefully looked over the papers submitted to the judge at special term, and, in our judgment, there is an utter failure to establish any defense whatever to the action. Nor do we think the judge at special term wrongfully exercised his discretion when he held that the reasons for suffering the default were not satisfactory. The affidavits of both counsel failed to show in what court they were detained, nor did they show the action in which they were engaged at the time. It also appears that they had been in constant attendance for two weeks prior to that time, answering ready, and that on the Saturday previous to the taking of the default they were notified that the plaintiff would press the case on the following Monday, and it was their duty to have been present at that time. The judgment and orders must, therefore, be affirmed; but, under the circumstances of the case, with costs of the appeal from the judgment only.